IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | C O M P L A I N T |
| AT&T CORPORATION, | ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) ) | |

NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of age and to provide appropriate relief to Terry Pierce, who AT&T Corporation disciplined and terminated from her position as Sales Coach Manager in its Lee's Summit, Missouri facility in September 2008 because of her age.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Missouri, Western Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant, AT&T Corporation (the "Employer"), a Delaware corporation, has continuously been doing business in the State of Missouri and the City of Lee's Summit, and has continuously had at least 20 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

## CONCILIATION

6. Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## STATEMENT OF CLAIMS

7. From April through September 2008, Defendant Employer engaged in unlawful employment practices at its Lee's Summit, Missouri facility, in violation of Section 4(a)(1) of the ADEA, 29 U.S.C. § 623(a)(1) by subjecting Terry Pierce to age discrimination. Pierce began working for Defendant Employer in 1992. In 2008, at age fifty-three, Defendant disciplined her and terminated her employment as a Sales Coach Manager for failing to meet performance standards. At the time of her discipline and termination, Pierce was meeting Defendant's

employment standards to a greater extent than significantly younger Sales Coach Managers who Defendant did not discipline or terminate.

8. The effect of the practices complained of in paragraph 7, above, has been to deprive Terry Pierce of equal employment opportunities and otherwise adversely affect her status as an employee, because of her age.

9. The unlawful employment practices complained of in paragraph 7, above, were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from disciplining or terminating employees because of their age.

B. Order Defendant Employer to institute and carry out policies, practices and programs that provide equal employment opportunities for individuals 40 years of age and older, and eradicate the effects of its past unlawful employment practices.

C. Grant a judgment requiring Defendant Employer to pay appropriate back wages in an amount to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to Terry Pierce, whose wages are being unlawfully withheld as a result of the acts complained of above.

D. Order Defendant Employer to make whole Terry Pierce, who was adversely affected by the unlawful practices described above, by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to reinstatement or frontpay.

E. Grant such further relief as the Court deems necessary and proper in the public interest.

F. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

    P. DAVID LOPEZ
    General Counsel

    JAMES L. LEE
    Deputy General Counsel

    GWENDOLYN YOUNG REAMS
    Associate General Counsel

    BARBARA A. SEELY
    Regional Attorney

    /s/ C. Felix Miller_____
    C. FELIX MILLER
    Supervisory Trial Attorney

    EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
    St. Louis District Office
    1222 Spruce St., Rm. 8.100
    St. Louis, Missouri 63103
    314-539-7914
    314- 539-7895 (Facsimile)
    felix.miller@eeoc.gov

    Anne E. Gusewelle_____
    Senior Trial Attorney

    EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
    Kansas City Area Office
    4th & State Ave., 9th Flr.
    Kansas City, Kansas 66101
    (913) 551-5844
    (913) 551-6957
    anne.gusewelle@eeoc.gov