IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>And<br><br>ALAN PETTET, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>AT&T CORPORATION,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) No. 4:11-cv-990-W-DW<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PROPOSED CONSENT DECREE

Plaintiff Equal Employment Opportunity Commission (the "EEOC") commenced this action alleging that AT&T Corporation ("AT&T) discriminated against Terry Pierce by disciplining her and terminating her employment in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b), which incorporates by reference the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 216(c) and 217 (collectively referred to hereinafter as "the ADEA"). For purposes of settlement and compromise only, the parties have advised the Court that they wish to resolve the instant controversy without the expense, delay, and burden of further litigation.

AT&T denies that it discriminated against Terry Pierce, and denies any liability in this action. This Consent Decree does not constitute a finding on the merits. Neither the Consent Decree nor compliance with the Consent Decree shall constitute, or be construed as, an admission by AT&T of any violations of law or of the allegations raised by EEOC in this case.

This Consent Decree shall apply only to AT&T's Consumer Sales and Service for Home Solutions call center in Lee's Summit, Missouri (the "Lee's Summit Call Center").

THEREFORE, it is the finding of this Court, made on the pleadings and on the record as a whole and upon agreement of the parties, that: (i) this Court has jurisdiction over the parties to and the subject matter of this action; (ii) the requirements of law will be carried out by the implementation of this Consent Decree; (iii) this Consent Decree is intended to and does resolve all matters in controversy in this lawsuit among the parties; and (iv) the terms of this Consent Decree constitute a fair and equitable settlement of all issues in this litigation.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED:

## I. General Provisions

1.  AT&T shall comply with the discrimination and retaliation provisions of the ADEA.

## II. Relief for Terry Pierce

1.  Within thirty (30) days of the Court's entry of this Consent Decree, AT&T shall provide monetary relief to Terry Pierce in the amount of $250,000. This amount shall be divided in to two (2) checks, $125,000 as alleged back pay and benefits and $125,000 as alleged liquidated damages. In addition, AT&T will forward to Michael Williams a check in the amount of $250 to compensate Mr. Williams for review and consultation with Terry Pierce on a separate release of claims to be signed by Terry Pierce.

2.  Within forty (40) days of the Court's entry of this Consent Decree, AT&T shall send a written report certifying that it has complied with the requirements of Paragraph II.1, above, as provided in Paragraph V.3, below.

### III. Policy Dissemination

1. AT&T has established and distributed a written policy that age discrimination and retaliation will not be tolerated by the company. The policy encourages employees to report age discrimination and retaliation of which they become aware or to which they believe they have been subjected, and states that employees who make such reports will not be subject to retaliation. AT&T will continue to provide the policy to its newly hired employees. AT&T will also reaffirm its commitment to the policy by way of a notice signed by Janice King, Director-EEO/Resolution Team, to be distributed to employees at the Lee's Summit call center. During the term of this Consent Decree, AT&T will not withdraw or modify the policy in a manner that removes any of the elements described herein.

2. Within thirty (30) days after the date that the Court approves this Consent Decree, AT&T shall instruct its managers and supervisors at the Lee's Summit Call Center that the effective handling of equal employment opportunity issues is an element of manager and supervisor job duties, that managers and supervisors must promptly notify Human Resources of any known concerns or complaints of discrimination, harassment or retaliation, and that performance in this area can affect eligibility for awards, bonuses, raises, transfer and promotion opportunities. AT&T will provide certification that it has issued the instruction described in this Paragraph to the EEOC as provided in Paragraph V.3, below.

### IV. Training

Within sixty (60) days after the date the Court approves this Consent Decree, AT&T will cause Kimberly Baskett-McEnany, Lee Jones, Jamie Romack, Brenda Rutledge, Ralph Scarpelli, and the current human resources representative responsible for supporting the Lee's Summit Call Center to receive two (2) hours of training on age discrimination and how to ensure that age

3

discrimination does not infect decision-making regarding employees. Such training shall be done by an attorney (who is not an AT&T employee) with at least five years of labor and employment law experience, or a reputable vendor whose name and qualifications will be submitted to the EEOC for review at least twenty (20) days prior to the start of such training. AT&T will provide certification that it has complied with the requirements of this paragraph to the EEOC as provided in Paragraph V.3, below.

## V. Reporting

1.  AT&T agrees that twice yearly for the two-year (2) term of this Consent Decree beginning six (6) months from the date that the Court approves the Consent Decree, it shall provide a written report to the EEOC regarding all internal complaints of age discrimination received by the Human Resources department for the Lee's Summit Call Center. The reports shall include the following information:

    (a) name, age, last known residential address, and land line and/or mobile telephone number of the person who made the complaint;

    (b) name, age, and position title of the person about whom the complaint was made;

    (c) date of the complaint;

    (d) allegations of the complaint;

    (e) name, age and position title of any person who participated in any investigation of or decision-making regarding the complaint; and

    (f) description of the factual findings and actions taken, if any, as a result of the investigation of the complaint.

2. AT&T agrees that twice yearly for the two-year (2) term of this Consent Decree beginning six (6) months from the date that the Court approves the Consent Decree, it shall provide a written report to the EEOC regarding all persons forty or over who are involuntarily terminated during the reporting period from the Lee's Summit Call Center. The reports shall include the following information:

    (a) name, age, last known residential address, and land line and/or mobile telephone number of the employee terminated;

    (b) the name and title of all persons at AT&T who participated in or approved the termination; and

    (c) the reason(s) AT&T terminated the employee

3. AT&T shall provide all written reports required by this Consent Decree to Barbara A. Seely, Regional Attorney, Equal Employment Opportunity Commission, St. Louis District Office c/o Anne Gusewelle, Senior Trial Attorney, Equal Employment Opportunity Commission, Kansas City Area Office, 400 State Avenue, 9th Floor, Kansas City, Kansas 66101.

4. If, during the term of this Consent Decree, the EEOC seeks additional information regarding AT&T's compliance with this Consent Decree, the EEOC shall first contact attorneys of record for AT&T to request further explanation or documentation from AT&T. Any such request by the EEOC shall be in writing and shall, at a minimum: (a) notify AT&T of the provision(s) of this Consent Decree about which the EEOC seeks additional information; and (b) provide a general description of the basis for the EEOC's belief that AT&T's compliance with this Consent Decree is in question. AT&T shall, within ten (10) business days of receipt of such inquiry, provide further explanation and/or documentation to demonstrate compliance with this Consent Decree. If the EEOC is not satisfied with the further explanation or documentation

5

Case 4:11-cv-00990-DW Document 68-1 Filed 08/30/13 Page 5 of 8

2. AT&T agrees that twice yearly for the two-year (2) term of this Consent Decree beginning six (6) months from the date that the Court approves the Consent Decree, it shall provide a written report to the EEOC regarding all persons forty or over who are involuntarily terminated during the reporting period from the Lee's Summit Call Center. The reports shall include the following information:

    (a) name, age, last known residential address, and land line and/or mobile telephone number of the employee terminated;

    (b) the name and title of all persons at AT&T who participated in or approved the termination; and

    (c) the reason(s) AT&T terminated the employee

3. AT&T shall provide all written reports required by this Consent Decree to Barbara A. Seely, Regional Attorney, Equal Employment Opportunity Commission, St. Louis District Office c/o Anne Gusewelle, Senior Trial Attorney, Equal Employment Opportunity Commission, Kansas City Area Office, 400 State Avenue, 9th Floor, Kansas City, Kansas 66101.

4. If, during the term of this Consent Decree, the EEOC seeks additional information regarding AT&T's compliance with this Consent Decree, the EEOC shall first contact attorneys of record for AT&T to request further explanation or documentation from AT&T. Any such request by the EEOC shall be in writing and shall, at a minimum: (a) notify AT&T of the provision(s) of this Consent Decree about which the EEOC seeks additional information; and (b) provide a general description of the basis for the EEOC's belief that AT&T's compliance with this Consent Decree is in question. AT&T shall, within ten (10) business days of receipt of such inquiry, provide further explanation and/or documentation to demonstrate compliance with this Consent Decree. If the EEOC is not satisfied with the further explanation or documentation

provided by AT&T, AT&T shall allow representatives of the EEOC to review AT&T's compliance with this Consent Decree by inspecting and photocopying relevant documents and records, interviewing employees and management officials at the Lee's Summit Call Center, and inspecting the Lee's Summit Call Center premises. Such review of compliance shall be initiated by written notice to AT&T's attorneys of record at least five (5) business days in advance of any inspection.

## VI. Notice Posting

Within thirty (30) days of the Court's entry of this Consent Decree, AT&T shall, during the two-year (2) term of this Consent Decree, conspicuously post the Notice set forth in Attachment A on the employee bulletin boards at the Lee's Summit Call Center.

## VII. Term and Effect of the Decree

1. This Consent Decree shall be binding upon the parties hereto, their successors, and assigns.

2. This Consent Decree shall be in force for a period of two (2) years. During the Consent Decree's term, the Court shall retain jurisdiction of this case for purposes of enforcement.

3. The parties shall bear their own costs and attorneys' fees.

6

## ATTACHMENT A

## NOTICE

[Company letterhead]

Federal law requires that there be no discrimination against any employee or applicant for employment because of the individual's age (40 and over) with respect to hiring, firing, promotions, compensation, or other terms, conditions or privileges of employment. Federal law also prohibits retaliation against any employee or applicant who opposes possible unlawful discrimination and/or participates in an investigation or proceeding concerning possible unlawful discrimination.

AT&T complies and will comply with the law in all respects and will not take any action against employees because they have exercised their rights under the law. Specifically, AT&T does not and will not discriminate against an employee or applicant because of age or retaliate against such employee or applicant for reporting possible age discrimination.

AT&T encourages employees and applicants to report possible unlawful discrimination to any manager or any Human Resources Representative promptly. Complaints will be handled with as much confidentiality as possible, and no employee or applicant who makes a good faith report or provides truthful information as a witness will be retaliated against for making a good faith report or providing truthful information. When a credible complaint has been made, a prompt investigation will be conducted and appropriate corrective action, if necessary, will be taken, up to and including termination of a wrongdoer's employment. This notice is being posted pursuant to an agreement between AT&T and the Equal Employment Opportunity Commission. An employee also may report possible unlawful discrimination to the Equal Employment Opportunity Commission, 400 State Avenue, Suite 905, Kansas City, KS 66101, (913) 551-5655, www.eeoc.gov.

Date:_____                         _____
                                              (Counsel for AT&T)

7

BY CONSENT:

*[signature]*
Anne E. Gusewelle    # 48150
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Kansas City Area Office
Gateway Tower II
4th and State Ave., 9th Flr.
Kansas City, KS 66101
Tel. (913) 551-5844
Fax (913) 551-6957

ATTORNEY FOR PLAINTIFF
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

*[signature]*
Jane Cecil
Daniel Boatright
LITTLER MENDELSON, PC
1201 Walnut Street, Suite 1450
Kansas City, MO 64106
jcecil@littler.com
dboatright@littler.com

COUNSEL FOR DEFENDANT
AT&T CORPORATION